Eminent domain; taking; just compensation; litigation expenses. — Plaintiff contends that defendant, as a result of certain construction activities conducted by defendant through a contractor in the vicinity of land situated in Montana and owned by plaintiff, substantially impaired plaintiff’s water right appurtenant to such land. In a recom *1100 mended decision filed February 27,1973 Trial Judge Mastin G. White concluded that plaintiff was entitled to recover $4,780 for a temporary taking of a portion of the water right, but not for any permanent taking. Since neither party filed exceptions, plaintiff filed a motion asking that the opinion, findings of fact and recommended conclusion of law be adopted, and that, in addition to $4,780, plaintiff be allowed a further amount under 42 U.S.C. § 4654 (c) as reimbursement for litigation expenses. On June 29, 1973 the court entered an order declaring that the opinion, findings of fact and conclusion of law would be adopted as the basis for the judgment in this case, but that entry of judgment should be deferred pending a determination by the Trial Judge as to plaintiff’s entitlement under 42 U.S.C. § 4654(c) to “reasonable costs, disbursements, and expenses, including reasonable attorney, appraisal, and engineering fees actually incurred” in this case. The court disagreed with plaintiff’s contention that United States v. 1387.43 Acres of Land, Civil No. 1502 in the United States District Court for the District of Montana, Missoula Division, and this case should be considered one and the same for the purpose of determining the reasonable attorney fees or other costs due plaintiff. The court also found that plaintiff’s affidavit is insufficient upon which to base any award due plaintiff pursuant to 42 U.S.C. § 4654(c). In remanding the case to the Trial Judge, the court indicated that the former may, in his discretion, rely on documentary evidence, admissions and stipulations of the parties in post-trial proceedings, and other procedures which he may find acceptable in lieu of an additional trial session in this case. On August 8,1973, the Trial Judge issued a supplemental opinion concluding that in addition, by stipulation of the parties, plaintiff is entitled to an allowance of $2,810 as reimbursement for reasonable litigation expenses actually incurred because of this proceeding. On September 14, 1973 the court ordered that plaintiff recover of and from the United States $7,590, plus an amount computed at the rate of 4 per cent per annum on $4,780 from July 28, 1967 to the time of payment, all as just compensation for the temporary taking of her property.